IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**NEIL WIEMAN,**      CASE NO. 3:22 CV 1045

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Neil Wieman seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in October 2015 alleging a disability onset date of January 8, 2015. *See* Tr. 17. An administrative law judge ("ALJ") ultimately issued a written decision on June 3, 2021, finding Plaintiff not disabled. (Tr. 17-30). This appeal followed. (Doc. 1).

Plaintiff raised a single challenge to the ALJ's decision: ALJ did not account for all of the credible opinions provided by the state agency reviewing psychologists, namely, a "superficial

interaction" limitation. (Doc. 7). In her R&R, Judge Armstrong concluded the ALJ did not err and properly explained her RFC limitations, including accounting for the "superficial" interaction limitation opined by the state agency reviewing psychologists. (Doc. 11). She recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises a single objection to the R&R, which is largely a restatement of his original challenge to the ALJ decision. Specifically, he argues the ALJ only limited him to occasional interaction with supervisors, which does not adequately account for the state agency psychologists' opinions that he was limited to superficial interactions with others. (Doc. 12).

The state agency psychologists opined Plaintiff could "handle working superficially with others." (Tr. 111, 125). Both opined he was "moderately limited" in his ability to accept instructions and respond appropriately to criticism from supervisors, as well as to get along with coworkers and peers. (Tr. 111, 125). The first state agency psychologist found he was "not significantly limited" in his ability to interact appropriately with the general public; on reconsideration, the state agency psychologist found he was "moderately limited" in this domain. (Tr. 111, 125).

In the RFC, the ALJ limited Plaintiff in the following manner:

> He can perform simple, routine, and repetitive tasks, but not at a production rate pace (so, for example, no assembly line work). He can respond appropriately to occasional interaction with supervisors and co-workers, but should have no team or tandem work with co-workers and no interaction with the general public. He can tolerate few changes in the work setting, defined as routine job duties that remain static and are performed in a stable, predictable work environment. Any necessary changes need to occur infrequently and be easily explained.

(Tr. 23).[2]

Plaintiff acknowledges the ALJ accounted for a superficial interaction limitation with the general public (with her "no interaction" limitation), and with coworkers (with her "no team or

---

1. Neither party objects Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's relevant medical history, which was thoroughly described by Judge Armstrong.
2. The RFC also contained physical limitations which are not at issue here.

3

tandem work" limitation), but asserts the ALJ (and the Magistrate Judge) did not account for the state agency psychologists' opinion that he should be limited to superficial interaction with all others, which necessarily includes supervisors. (Doc. 12, at 3-4). And he contends the ALJ failed to construct a "logical bridge" explaining why such a limitation was not included.

A general principle – which Plaintiff acknowledges, and does not dispute – is that an ALJ is not required to adopt every limitation opined by a physician, even if she finds such an opinion persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). Here, the ALJ explained, after summarizing the state agency psychologists' opinion that included "a moderate limitation in interacting with others" and that Plaintiff "can handle working superficially with others":

> The undersigned has given this opinion some weight because although most of the limitations are supported by and consistent with the medical evidence of record, however, a moderate limitation in adapting and managing oneself is justified by the claimant's continued depressive symptoms even with medication.

(Tr. 26). Thus, Plaintiff contends, the ALJ adopted the state agency physician opinions and only discounted them to the extent she found Plaintiff further limited. To the extent the ALJ did not limit Plaintiff to superficial interactions with supervisors, he contends there was no explanation as to why. (Doc. 12, at 4) ("The only reason why this case should not be remanded is if there was a proper explanation that allowed Mr. Wieman to understand why the limitation was omitted."); *id.* ("Mr. Wieman is left to only his best guesses as to why the [RFC] failed to account for the experts' opinion limiting him to superficial interaction with supervisors.").

The Court finds the ALJ's RFC is supported by substantial evidence and the ALJ's opinion – read with common sense and as a whole – properly accounts for Plaintiff's mental health limitations, including those opined by the state agency psychologists. *See Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678–79 (7th Cir. 2010) (observing that the ALJ's rationale need not

4

come in "tidy packaging" and that courts must "read the ALJ's decision as a whole and with common sense").

Following the analysis of the state agency psychological evaluators, the ALJ addressed consultative examining physician Dr. Ward's opinion, explaining:

> Of note, Dr. Ward indicates that the claimant described a history of problems managing relationships with supervisors and coworkers. However, in his written function report, he stated that he "can get along with most people" and denied having been fired or laid off from a job because of problems getting along with other people (4E). That being said, the undersigned has generally adopted the substance of the limitations identified by Dr. Ward, as they are generally consistent with the medical evidence of record and the medical opinions of the State agency medical consultants.

(Tr. 27); *see also* (Tr. 21) (citing Tr. 458) (Plaintiff's statement in a Function Report that he "could get along with most people and had never been fired from a job due to problems getting along with others."). That is, the ALJ twice expressly noted Plaintiff's own statement that he did not have difficulty getting along with others. Additionally, later in the opinion, the ALJ summarized that Plaintiff's "moderate social difficulties support interacting occasionally with supervisors and co-workers, and no interaction with the general public. He should have no team or tandem work with co-workers." (Tr. 28).

Read with common sense, and read as a whole, the Court finds the ALJ's RFC adequately accounts for Plaintiff's mental health limitations including those set forth in the state agency psychologists' opinions. Other Courts in this District have repeatedly found that limiting an individual to no team or tandem tasks is sufficient to account for a physician's opinion that an individual be limited to superficial interactions with "others". *See Hines v. Comm'r of Soc. Sec.*, 2021 WL 1571659, at *3 (N.D. Ohio) ("Courts have found that a 'limitation to no tandem tasks is a qualitative limitation on social interaction,' which 'adequately addresse[s] [the administrative findings] that Plaintiff be limited to superficial interaction with others.'" (quoting *Kearns v.*

*Comm'r of Soc. Sec.*, 2020 WL 2841707, at *12 (N.D. Ohio)). Although not addressing precisely the same language, the Court find persuasive the Tenth Circuit's analysis in *Carver v. Colvin* that a combination of restrictions (which here include not only occasional interaction with supervisors, but also limitations to "simple, routine, and repetitive tasks", "few changes in the work setting" and "infrequent[] and . . . easily explained" changes (Tr. 23)) may sufficiently encompass the superficial interaction limitation. *See Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015) (finding that although the ALJ did not use the word "superficially", the ALJ "sufficiently captured the essence of the . . . functional limitations" by limiting Plaintiff to simple instructions and interacting with coworkers and supervisors "under routine supervision" because "[i]nteracting with supervisors in the course of routine supervision over simple work is tantamount to the 'superficial' interaction typically encountered in jobs involving such work. To conclude otherwise would parse the ALJ's language too finely."); *see also Reeves*, 618 F. App'x at 275 ("there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim").

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 11) is ADOPTED as the order of this Court as supplemented herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE